**STATE IN THE INTEREST OF**

**M.S., D.S. & B.S.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 4702
HONORABLE KRISTIAN EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED.**

**Saunders, J., dissents and assigns written reasons.**

**Annette Fuller Roach**
**15th JDC Public Defenders Office**
**Post Office Box 1747**
**Lake Charles, LA   70602-1747**
**(337) 436-2900**
**COUNSEL FOR APPELLANT:**
     **A. S.**

**Diane E. Cote**
**825 Kaliste Saloom Road**
**Brandwine I, Room 218**
**Lafayette, LA   70508**
**(337) 262-1555**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana,**
     **Department of Children andFamily Services**

**Brett A. Stefanski**
**Post Office Drawer 730**
**Crowley, LA   70527-0730**
**(337) 783-7000**
**COUNSEL FOR APPELLEES:**
     **M. S.**
     **D. S.**
     **B. S.**

**Scott J. Privat**
**Privat & Privat**
**Post Office Box 449**
**Crowley, LA   70527**
**(337) 783-7142**
**COUNSEL FOR APPELLANT:**
     **M. S.**

**Tracey Davenport-McGraw**
**OCS - Indigent Defender**
**Post Office Box 931**
**Rayne, LA   70578**
**(337) 334-1576**
**COUNSEL FOR APPELLANT:**
     **A. S.**

**AMY, Judge.**

The three minor children came under the care of the State following allegations that the parents left the children with relatives after the parents received threats due to purported drug-related activity. The State also alleged that the family was homeless. The State ultimately pursued termination of parental rights, asserting that the parents failed to substantially comply with their case plans and that they failed to financially support their children. After a hearing, the trial court terminated the parents' rights as to all three of the children. The parents separately appeal. For the following reasons, we affirm.

## Factual and Procedural Background

This case involves the termination of parental rights of the appellants, A.S. and M.S.,[1] to their minor children, D.L.S. (born in 1995), M.L.S. (born in 1997) and B.M.S. (born in 2000). The children came into the custody of the Department of Children and Family Services in April 2009, when the State received information of allegations that A.S., the children's mother, and M.S., the children's father, had "no home" and were "being chased and threatened to be killed, in the presence of their children, due to their involvement with drugs." The resulting instanter order further reported that, although the couple was without a home, "family members and friends [were] not allowing them to reside in their home due to their substance abuse issues." Subsequently, in July 2009, the trial court issued a judgment, adjudicating the children as being in need of care. In subsequent and repeated review judgments, the children were continued in the State's custody.

In October 2010, the State filed a Petition for Termination of Parental Rights and Certification for Adoption. The State sought termination under the grounds listed in La.Ch.Code art. 1015(4) and La.Ch.Code. art. 1015(5). Following a hearing, the

---

[1] Pursuant to the Uniform Rules—Courts of Appeal, Rules 5-1 and 5-2, this opinion uses the initials of the parties.

trial court determined that the grounds for termination asserted by the State were established by the evidence. It entered a judgment of termination of parental rights and further certified the children as eligible for adoption.

Both A.S. and M.S. have appealed. Each questions whether the State presented sufficient evidence to support the judgment of termination.

## Discussion

### *Burden of Proof*

Louisiana Children's Code Article 1035(A) requires the State to prove, by clear and convincing evidence, each element of a ground for termination of parental rights. After the State has met that burden of proof, the trial court must determine that termination is in the best interests of the child(ren). *See* La.Ch.Code art. 1037(B). An appellate court reviews the trial court's findings as to whether a parent's rights should be terminated under the manifest error standard. *State in the Interest of K.G. and T.G.*, 02-2886 (La. 3/18/03), 841 So.2d 759.

### *Grounds for Termination*

The trial court terminated the parental rights of A.S. and M.S. after determining that the State sustained its burden of proving the grounds for termination under La.Ch.Code art. 1015(4) and (5). Although the parents' briefs focus on the latter ground, we consider both Paragraph (4) and Paragraph (5) in turn.

La.Ch.Code art. 1015(4) - Abandonment

The State can prove the ground of abandonment as follows:

> Abandonment of the child by placing him in the physical custody of a nonparent, or the department, or by otherwise leaving him under circumstances demonstrating an intention to permanently avoid parental responsibility by any of the following:
>
> . . . .

(b)    As of the time the petition is filed, the parent has failed to provide significant contributions to the child's care and support for any period of six consecutive months.

La.Ch.Code art. 1015(4).

Reviewing the record in light of this ground for termination, it is clear that the trial court's determination was not manifestly erroneous. Instead, Lisa Mooney, the case worker assigned to assist the family, succinctly testified that the parents had not complied with the payment of child support. Indeed, a portion of the State's case involved the allegation that A.S. and M.S. had not maintained stable employment during the pertinent time period.

Accordingly, we do not disturb the trial court's determination that the State carried its burden of proving the ground for termination under La.Ch.Code art. 1015(4).

La.Ch.Code art. 1015(5) - Lack of Substantial Parental Compliance

While proof of only one ground under La.Ch.Code art. 1015 is required, the trial court also determined that the State proved the requirements of Paragraph (5), which provides that:

Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent's custody pursuant to a court order; *there has been no substantial compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent's condition or conduct in the near future*, considering the child's age and his need for a safe, stable, and permanent home.

La.Ch.Code art. 1015(5) (emphasis added).

It is unquestioned that more than one year had elapsed since the children were removed from the parents' custody pursuant to court order. A.S. and M.S., instead, focus on the question of whether the trial court was manifestly erroneous in

3

determining that there had been no substantial compliance with the case study plans developed for each parent.

Reference to the case plans indicates that the parents were expected to maintain stable housing (including the payment of utility expenses and the provision of food), maintain and verify employment, and forward a money order for $25.00 each month to the State and provide verification of that payment. Further, with regard to the parents' substance abuse, each was required to be assessed by an addictive disorders clinic and follow all recommendations for treatment or, otherwise, attend "N/A meetings." They were also ordered to submit to random drug screenings. The case plan additionally required both parents to successfully complete parenting classes and implement those changes.

As explained in La.Ch.Code art. 1036(C), lack of parental compliance with a case plan, as used in La.Ch.Code art. 1015(5), may be evidenced by proving one or more of the following:

(1)     The parent's failure to attend court-approved scheduled visitations with the child.

(2)     The parent's failure to communicate with the child.

(3)     The parent's failure to keep the department apprised of the parent's whereabouts and significant changes affecting the parent's ability to comply with the case plan for services.

(4)     The parent's failure to contribute to the costs of the child's foster care, if ordered to do so by the court when approving the case plan.

(5)     The parent's repeated failure to comply with the required program of treatment and rehabilitation services provided in the case plan.

(6)     The parent's lack of substantial improvement in redressing the problems preventing reunification.

(7)     The persistence of conditions that led to removal or similar potentially harmful conditions.

In their briefs to this court, A.S. and M.S. focus on those aspects of the case plan that they contend they fulfilled. Namely, A.S. observes that she had completed parenting and anger management classes. She had also obtained substance abuse treatment, at least to some extent. A.S. also points out that she regularly attended visitation with her children and that, at the time of trial, she had obtained full-time employment and the couple was in the midst of renovations to a barn where they hoped to live. Similarly, M.S. points out that testimony indicated that he regularly visited with the children pursuant to the visitation plan and that he had begun a lengthy course at an area church which addressed anger management, substance abuse, and parenting issues. Like A.S., M.S. testified that the couple had begun to renovate a structure in order to provide housing for the family. Both point out that they did not test positive in their most recent drug screen.

Undoubtedly, A.S. and M.S. took certain steps in keeping with their respective case plans. However, the trial court was not manifestly erroneous in concluding that the State proved that there had been no substantial parental compliance with the case plan. Instead, the evidence indicated that the State established several of the factors listed in La.Ch.Code art. 1036(C). Recall that pursuant to the Article's wording, lack of parental compliance with a case plan "may be evidenced by" proving "*one or more*" of those factors. La.Ch.Code art. 1036(C) (emphasis added).

First, according to the testimony of Ms. Mooney, the parents did not contribute to the costs of child support. *See* La.Ch.Code art. 1036(C)(4). Further, and consistent throughout these proceedings, the parties failed to provide stable housing for the children and failed to maintain employment, so as to implicate La.Ch.Code art. 1036(C)(5) and (6). Throughout the two-year period involved in this case, the parties did not maintain a residence. Instead, A.S. and M.S. changed residences as many as six times during the period involved, according to Ms. Mooney. The record indicates

that, at one point, the couple resided in a tent. While A.S. and M.S. rely on their testimony that they were in the process of renovating a structure so that it might house the family, it is clear that renovations to make the building habitable were only initially underway. According to their testimony, even upon completion, the house would have only a single bedroom. Further, the State demonstrated that the parties had not maintained employment throughout the period. At most, A.S. had been able to obtain part-time work through a temporary service agency a few weeks before trial. She only hoped that this employment would lead to full time employment. Finally, although the parties each returned negative results in their most recent drug screens, they had each returned positive results in the previous screen, approximately six months before trial, when A.S. tested positive for methadone and M.S. tested positive for cocaine and opiates. In light of the State's evidence of the parties' repeated and ongoing deficiencies as to these central components of their case plans, we find no manifest error in the trial court's determination regarding a lack of substantial compliance.

A.S. and M.S. also question that component of La.Ch.Code art. 1015(5) which requires the State to prove that "there is no reasonable expectation of significant improvement in the parent's condition or conduct in the near future[.]" However, La.Ch.Code art. 1036(D) explains that this element may be proven by one or more of the following:

(1) Any physical or mental illness, mental deficiency, substance abuse, or chemical dependency that renders the parent unable or incapable of exercising parental responsibilities without exposing the child to a substantial risk of serious harm, based upon expert opinion or based upon an established pattern of behavior.

. . . .

(3) Any other condition or conduct that reasonably indicates that the parent is unable or unwilling to provide an adequate permanent home for the

child, based upon expert opinion or based upon an established pattern of behavior.

While this record evidences A.S.'s and M.S.'s respective struggles with substance abuse and, at times, anger management issues, the record most clearly establishes their repeated and ongoing pattern of failing to provide an adequate permanent home for the children. This pattern is evidenced by their failure, over a two-year period, to maintain adequate housing or employment to sustain the family. For this reason, we find no manifest error in the trial court's determination that the State adequately demonstrated that there was no reasonable expectation of significant improvement of the parent's conduct in the near future.

This assignment lacks merit.

*Best Interests of the Child*

We note here that the parents do not specifically contest the trial court's conclusion that termination of the parental rights was in the best interests of the children. Accordingly, we do not address that finding of the court. We do observe, however, that court-appointed counsel for the children has filed a brief with this court adopting the reasons advanced by the State. This coincides with trial testimony indicating that the children wished to reside at their current placements and not return to their parents.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed equally to the appellants, A.S. and M.S.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1364

STATE IN THE INTEREST OF M.S., D.S. & B.S.

**Saunders, Judge, dissents and assigns written reasons**

I disagree with the majority opinion. It is my view that A.S.'s parental rights should not be terminated due to her substantial compliance with the case plan and the reasonable expectation of significant improvement in the parent's conduct in the near future.

It is my position that A.S. substantially complied with the case plan such that the absence of substantial compliance prong of La.Civ. Code art. 1015(5) is not satisfied. Even with her mental health disorders, major depression and dependent personality disorder, and addiction, A.S. made strides to complete her case plan. She obtained substance abuse treatment and tested negative on the most recent drug screen. She attended and completed parenting classes as well as an anger management course. A.S. cooperated with the agency and voluntarily submitted to a psychological examination. She regularly attended visitation with her children. She obtained employment prior to trial, although it was a temporary part-time position. Based on these facts, A.S. substantially complied with her case plan.

It is also my position that there exists reasonable expectation of significant improvement in A.S.'s conduct in the near future. This prong of La.Civ. Code art. 1015(5) requires that there be a lack of reasonable expectation of improvement in order to terminate parental rights. This conclusion was supported by no evidence at trial. Moreover, A.S. has made significant improvements in her life since 2010, and no evidence in the record suggests that there is reason for the improvements to wane.

I do not feel that termination is appropriate at this point. We must remain mindful that termination, under the law, is a last resort:

> [C]ourts must proceed with care and caution as the permanent termination of the legal relationship existing between natural parents and the child is one of the most drastic actions the State can take against its citizens. The potential loss to the parent is grievous, perhaps more so than the loss of personal freedom caused by incarceration.

*State ex rel. J.A.*, 99–2905 (La.1/12/00), 752 So.2d 806, 81 (citing State in the Interest of A.E., 448 So.2d at 185).

Accordingly, I respectfully dissent.